# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TODD JAMES LUH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-621-DDN |
| | ) | |
| ELBERT G. LUH, JR., JEFFERSON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, NEIL I. | ) | |
| BRIEKEL and ST. LOUIS METROPOLITAN | ) | |
| PSYCHIATRIC CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Todd James Luh for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d

302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff brings this action, pursuant to 28 U.S.C. § 1983, seeking monetary damages for claims of false imprisonment, perjury, conspiracy and unethical behavior. He alleges that he was incarcerated after an altercation with his abusive father. He alleges that he had a hearing before a judge who was a friend of his father's, that he received ineffective assistance of counsel, that the judge sent him to Metropolitan St. Louis Psychiatric Center for twenty-one days and that he was given potentially mind-damaging drugs. According to plaintiff, Defendant Briekel, who testified at his hearing, refused to transfer him to the Veteran's Administration Hospital, refused to allow him to obtain a second opinion and retaliated against him for his complaints by threatening to increase his medication and refusing to allow him to attend his grandmother's funeral.

**Discussion**

Plaintiff's complaint fails to state a claim under § 1983. To the extent that plaintiff is, in effect, seeking federal review of a state court's judgment against him, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). Moreover, pursuant to the *Rooker-Feldman* doctrine, "[f]ederal district courts are

prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ace Construction v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). An action is, in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." *Id*. "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998). Because plaintiff seeks federal review of a state court's judgment against him, this Court is prohibited from exercising jurisdiction, and plaintiff's complaint must be dismissed.

Also, and in the alternative, plaintiff cannot bring suit under § 1983 as to defendants Luh and Briekel as he has failed to establish that they are state actors. To maintain a § 1983 claim, a litigant must allege and show deprivation of a right secured by the Constitution and laws of the United States by a defendant acting under color of state law. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732 (1978). Plaintiff makes no claim that defendants acted under color of state law. Accordingly, the complaint fails to state a claim against these defendants.

Plaintiff also fails to state a claim against Defendant Jefferson County Sheriff's Department. To the extent that the sheriff's department is subject to suit under § 1983, plaintiff must show that the department's allegedly unconstitutional actions were pursuant to an officially adopted policy statement, ordinance, regulation, or decision, or a permanent and well-settled unofficial custom. *Wade v. Tompkins,* 2003 WL 22053145, *3 (8th Cir. 2003) (*citing Tilson v. Forrest City Police Dep't,* 28 F.3d 802, 807 (8th Cir.1994), *cert. denied,*514 U.S. 1004, 115 S.Ct. 1315 (1995) (internal citation omitted). Thus, liability cannot be imposed upon the sheriff's department absent an allegation that

unlawful actions were taken pursuant to the department's policy or custom. There being no such allegation in the present action as to Jefferson County Sheriff's Department, the complaint fails to state a claim as to this defendant.

Plaintiff has failed to state a claim against Defendant St. Louis Metropolitan Psychiatric Center because the complaint contains no specific allegations linking the psychiatric center to any deprivation of his rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); ("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for actions that injured plaintiff). Accordingly, plaintiff's complaint fails to state a claim as to this defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**